UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


ELVIS D. LYLES, III          ]
    Plaintiff,             ]
                             ]
v.                           ]          No. 3:12-1304
                             ]          Judge Sharp
SONNY WEATHERFORD, et al.    ]
    Defendants.            ]


M E M O R A N D U M


    The plaintiff, proceeding *pro se*, is a resident of Nashville.[1]

He brings this action pursuant to 42 U.S.C. § 1983 against Sonny

Weatherford, Sheriff of Sumner County, and Sonya Troutt,

Administrator of the Sumner County Jail, seeking damages.

    While confined at the Sumner County Jail, the plaintiff

requested some law books. He was told that the Jail did not have a

law library and that the books he requested were not available. The

plaintiff claims that the failure to provide him with the requested

legal texts was a violation of his constitutional rights.

    To state a claim for § 1983 relief, the plaintiff must plead

and prove that the defendants, while acting under color of state

law, deprived him of some right guaranteed by the Constitution or

laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535

---

[1] At the time the complaint was completed, the plaintiff was
an inmate at the Sumner County Jail. By way of a telephone call
to the Jail, it was confirmed that he had been released from
custody on September 26, 2012.

(1981).

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To insure the meaningful exercise of this right, jail officials are under an affirmative obligation to provide inmates with access to an adequate law library, Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. Procunier v. Martinez, 416 U.S. 396 419 (1974).

It is not enough, however, for the plaintiff to simply allege that an adequate law library or some alternate form of legal assistance has not been made available to him. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. Walker, *supra* at 771 F.2d 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

In this case, the plaintiff has not alleged any type of prejudice arising from the failure to provide him with the requested legal texts. As a consequence, he has failed to state a claim upon which § 1983 relief can be granted. Having failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

Kevin H. Sharp
United States District Judge